Michael J. Ross, OSB No. 914106
mjross@slaterross.com
SLATER ROSS ATTORNEYS
710 S.W. Madison Street, Suite 400
Portland, Oregon  97205
Tel: (503) 227-2024
Fax: (503) 224-7299

Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

OREGON DISTRICT

PORTLAND DIVISION

| | |
|---|---|
| **RONALD McALLISTER,** | Case No. 3:15-CV-814 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **WEST COAST CART COMPANY OF OREGON, INC. AND TYLER ULTSCH,** | |
| Defendant. | **Jury Trial Demanded** |

**JURISDICTION**

1.

Plaintiff alleges wage and hour claims under Federal and State law.  This Court has

subject matter jurisdiction pursuant to 28 U.S.C. 1331, and supplemental jurisdiction pursuant to

28 U.S.C. 1367.

//

//

Page 1: **COMPLAINT**

## VENUE

2.

Plaintiff Ronald McAllister (McAllister) is a resident of the City of Vancouver, State of Washington.  Defendant West Coast Cart Company of Oregon, Inc. (WCC) is an Oregon corporation whose principal place of business is located in the City of Clackamas, State of Oregon.  Defendant Tyler Ultsch (Ultsch) is a resident of the City of Clackamas, State of Oregon. The events giving rise to McAllister's claims occurred in Oregon.  At all times, WCC and Ulstch maintained regular, sustained and substantial contacts within the State of Oregon.  Pursuant to 28 U.S.C. 1391, venue is proper in the United States District Court for the District of Oregon.

## COMMON ALLEGATIONS

3.

WCC provides services and products to grocery and retail stores throughout the western United States.  WCC crews work on location performing  a variety of cleaning services, equipment repair, sidewalk maintenance, hood & vent cleaning, electric cart repair and cart coral manufacturing.  Ultsch is the President, Secretary and majority shareholder of WCC.  McAllister has been employed by WCC and Ultsch for approximately 14 years.  McAllister was originally hired as the operations manager and was responsible for supervision of WCC work crews in Oregon and Washington.  McAllister was paid a salary of $1,500.00 every two weeks based on 40 hours per week, which equals $18.75 per hour, plus commissions.  WCC and Ultsch classified McAllister as exempt from overtime.  McAllister routinely worked more than 40 hours per week, but was not paid overtime.  McAllister reported directly to Ultsch.

//

Page 2: **COMPLAINT**

4.

In February of 2014, McAllister underwent surgery to amputate one of his toes, which substantially limited his ability to walk.  In July of 2015, WCC and Ultsch hired a new operations manager who replaced McAllister in the supervision of WCC work crews.  Thereafter, McAllister's work duties were reduced to those of a service technician.  Although McAllister reported directly to Ultsch, he no longer exercised managerial authority over WCC work crews. WCC and Ultsch failed to reclassify McAllister as non-exempt from overtime.  McAllister continued to work more than 40 hours per week, but was not paid overtime.

## CLAIM ONE

### Oregon Wage and Hour

### Against West Coast Cart

5.

McAllister realleges Paragraphs 1-4 above.

6.

On April 16, 2015, McAllister sent WCC a demand for unpaid wages and penalty wages. WCC did not pay the unpaid wages and penalty wages within 12 days.  Upon information and belief, McAllister is entitled to recover unpaid overtime wages in the amount of $9,500.00 and penalty wages in the amount of $4,500.00 pursuant to ORS 652.150 (penalty wages), ORS 653.055 (civil claim), and ORS 653.261 (overtime).  McAllister reserves the right to amend these figures pending discovery of additional information.

//

//

Page 3: **COMPLAINT**

## CLAIM TWO

### Fair Labor Standards Act

### Against West Coast Cart and Ultsch

7.

Plaintiffs reallege Paragraphs 1-4 above.

8.

Upon information and belief, McAllister is entitled to recover unpaid overtime wages in the amount of $9,500.00 and liquidated damages in an equal amount pursuant to 29 U.S.C. 207 (overtime)  and 29 U.S.C. 216 (civil claim).  McAllister reserves the right to amend these figures pending discovery of additional information.

### ATTORNEY FEES

9.

McAllister is entitled to recover reasonable costs and attorney fees pursuant to ORS 653.055 and 29 U.S.C. 216.

//

//

//

Page 4: **COMPLAINT**

WHEREFORE PLAINTIFF PRAYS FOR JUDGMENT AGAINST DEFENDANTS AS

FOLLOWS:

A.      For economic damages in an amount to be proven at trial;

B.      For statutory penalties and liquidated damages;

C.      For equitable relief as the Court deems just;

E.      For pre/post-judgment interest; and

F.      For costs, disbursements and attorney fees.


DATED: May 12, 2015

/s/ M. J. Ross
_____
Michael J. Ross, OSB No. 914106
Of Attorneys for Plaintiffs

Page 5: **COMPLAINT**